Jahna M. Lindemuth, ABA #9711068
DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Attorneys for FURNITURE
ENTERPRISES OF ALASKA,
INC., an Alaska Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

JUDITH M. RICH

                                                                        Case No. A-04-241 CIV (JWS)

                          Plaintiff

vs.

FURNITURE ENTERPRISES OF
ALASKA, INC., an Alaska Corporation

                          Defendant

## ANSWER

Defendant Furniture Enterprises of Alaska, Inc. ("Defendant") hereby responds to

and answers Plaintiff Judith Rich's Complaint as follows:

### JURISDICTION AND VENUE

1.      Defendant admits the allegations contained in Paragraph 1.

2.      Defendant admits the allegations contained in Paragraph 2 (mistakenly

numbered 4).

### THE PARTIES

3.      Defendant admits the allegations contained in Paragraph 3.

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

4.      Defendant admits the allegations contained in Paragraph 4.

5.      Defendant admits that it delivers furniture in Anchorage, Eagle River,

Palmer, Wasilla, Big Lake and Houston as part of its business.  All other allegations

contained in Paragraph 5 are denied.

6.      Defendant admits that it does business under several different names,

including Sadler's Home Furnishings, Williams & Kay Furniture, The Ultimate Mattress

Store, and the La-Z-Boy Furniture Store.  Defendant admits that the delivery of furniture

is part of its business.  All other allegations contained in Paragraph 6 are denied.

## BACKGROUND FACTS

7.      Defendant lacks information to admit or deny the allegations contained in

Paragraph 7, and therefore denies them.

8.      Defendant lacks information to admit or deny the allegations contained in

Paragraph 8, and therefore denies them.

9.      Defendant lacks information to admit or deny the allegations contained in

Paragraph 9, and therefore denies them.

10.     Defendant lacks information to admit or deny the allegations contained in

Paragraph 10, and therefore denies them.

11.     Defendant lacks information to admit or deny the allegations contained in

Paragraph 11, and therefore denies them.

12.     Defendant lacks information to admit or deny the allegations contained in

Paragraph 12, and therefore denies them.

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

13.     Defendant admits the allegations contained in Paragraph 13.

14.     Defendant admits the allegations contained in Paragraph 14.

15.     Defendant admits that it copied four Atlases, otherwise Defendant denies the allegations contained in Paragraph 15.

16.     Defendant lacks information to admit or deny the allegations contained in Paragraph 16.

17.     Defendant admits that it did not seek, and Rich did not grant, permission to copy any Atlas, otherwise Defendant denies the allegations in Paragraph 17.

18.     Assuming that Rich held a valid copyright for each Atlas at the time of copying, Defendant admits that it violated Rich's rights under the Copyright Act.  To the extent there are any other allegations in Paragraph 18, Defendant denies them.

CLAIMS FOR RELIEF

COUNT I
COPYRIGHT INFRINGEMENT
Anchorage Area Atlas & Street Directory/Actual Damages
(17 U.S.C. § 101 et seq.; 17 U.S.C. § 504(b))

19.     Defendant incorporates by reference the responses to Paragraphs 1 through 18 inclusive.

20.     Defendant denies the allegations in Paragraph 20, including without limitation the allegation of actual harm to Plaintiff.

21.     Defendant denies the allegations in Paragraph 21, including without limitation the allegation of profit and advantage to Defendant.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

22.    Defendant denies the allegations in Paragraph 22.

## COUNT II
### COPYRIGHT INFRINGEMENT
Anchorage Area Atlas & Street Directory/Statutory Damages
(17 U.S.C. § 101 et seq.; 17 U.S.C. § 504(c))

23.    Defendant incorporates by reference the responses to Paragraphs 1 through 22 inclusive.

24.    Assuming that Rich held a valid copyright for the Anchorage Atlas at the time of copying, Defendant admits that Rich would be entitled to statutory damages under the Copyright Act for the one Atlas that was copied.  The Copyright Act speaks for itself, and statements about the law do not require an answer or a denial.  All other allegations in Paragraph 24 are denied.

## COUNT III
### COPYRIGHT INFRINGEMENT
Eagle River Area Atlas & Street Directory/Actual Damages
(17 U.S.C. § 101 et seq.; 17 U.S.C. § 504(b))

25.    Defendant incorporates by reference the responses to Paragraphs 1 through 24 inclusive.

26.    Defendant denies the allegations in Paragraph 26, including without limitation the allegation of actual harm to Plaintiff.

27.    Defendant denies the allegations in Paragraph 27, including without limitation the allegation of profit and advantage to Defendant.

28.    Defendant denies the allegations in Paragraph 28.

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

COUNT IV
COPYRIGHT INFRINGEMENT
Eagle River Area Atlas & Street Directory/Statutory Damages
(17 U.S.C. § 101 et seq.; 17 U.S.C. § 504(c))

29.    Defendant incorporates by reference the responses to Paragraphs 1 through

28 inclusive.

30.    Assuming that Rich held a valid copyright for the Eagle River Atlas at the

time of copying, Defendant admits that Rich would be entitled to statutory damages

under the Copyright Act for the one Atlas that was copied.  The Copyright Act speaks for

itself, and statements about the law do not require an answer or a denial.  All other

allegations in Paragraph 30 are denied.

COUNT V
COPYRIGHT INFRINGEMENT
Palmer-Wasilla Area Atlas & Street Directory/Actual Damages
(17 U.S.C. § 101 et seq.; 17 U.S.C. § 504(b))

31.    Defendant incorporates by reference the responses to Paragraphs 1 through

30 inclusive.

32.    Defendant denies the allegations in Paragraph 32, including without

limitation the allegation of actual harm to Plaintiff.

33.    Defendant denies the allegations in Paragraph 33, including without

limitation the allegation of profit and advantage to Defendant.

34.    Defendant denies the allegations in Paragraph 34.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK  99501
(907) 276-4557

## COUNT VI
## COPYRIGHT INFRINGEMENT
Palmer-Wasilla Area Atlas & Street Directory/Statutory Damages
(17 U.S.C. § 101 et seq.; 17 U.S.C. § 504(c))

35.     Defendant incorporates by reference the responses to Paragraphs 1 through

34 inclusive.

36.     Assuming that Rich held a valid copyright for the Palmer-Wasilla Atlas at

the time of copying, Defendant admits that Rich would be entitled to statutory damages

under the Copyright Act for the one Atlas that was copied.  The Copyright Act speaks for

itself, and statements about the law do not require an answer or a denial.  All other

allegations in Paragraph 36 are denied.

## COUNT VII
## COPYRIGHT INFRINGEMENT
Big Lake-Houston Area Atlas & Street Directory/Actual Damages
(17 U.S.C. § 101 et seq.; 17 U.S.C. § 504(b))

37.     Defendant incorporates by reference the responses to Paragraphs 1 through

36 inclusive.

38.     Defendant denies the allegations in Paragraph 38, including without

limitation the allegation of actual harm to Plaintiff.

39.     Defendant denies the allegations in Paragraph 39, including without

limitation the allegation of profit and advantage to Defendant.

40.     Defendant denies the allegations in Paragraph 40.

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

ANSWER                                                      Rich v. Furniture Enterprises of Alaska
Page 6                                                              A-04-241 CI (JWS)

## COUNT VIII
## COPYRIGHT INFRINGEMENT
Big Lake-Houston Area Atlas & Street Directory/Statutory Damages
(17 U.S.C. § 101 et seq.; 17 U.S.C. § 504(c))

41.     Defendant incorporates by reference the responses to Paragraphs 1 through

40 inclusive.

42.     Assuming that Rich held a valid copyright for the Palmer-Wasilla Atlas at

the time of copying, Defendant admits that Rich would be entitled to statutory damages

under the Copyright Act for the one Atlas that was copied.  The Copyright Act speaks for

itself, and statements about the law do not require an answer or a denial.  All other

allegations in Paragraph 42 are denied.

## COUNT IX
## COPYRIGHT INFRINGEMENT
Injunctive Relief/Impoundment
(17 U.S.C. §§ 502, 503)

43.     Defendant incorporates by reference the responses to Paragraphs 1 through

42 inclusive.

44.     Assuming that Rich held a valid copyright for the four Atlases at the time

of copying, Defendant admits that Rich may be entitled to equitable relief under the

Copyright Act, and that that statute speaks for itself.  Defendant has already turned over

to Plaintiff possession of all copies made of any Atlas, and has agreed to make no further

copies of any Atlas.  To the extent there are remaining allegations in Paragraph 44, they

are denied.

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

Additional Parties

No response is needed to the statement about additional parties, other than the Federal Civil Rules control this issue.

## AFFIRMATIVE DEFENSES

1. Upon information and belief, Plaintiff did not have a valid registered copyright in some or all of the Atlases at the time of copying.

2. Plaintiff's claims are barred by doctrines of accord and satisfaction, and payment.

3. Plaintiff's claims are barred by the doctrines of estoppel, waiver, and implied license.

## PRAYER FOR RELIEF

WHEREFORE, Furniture Enterprises of Alaska, Inc. prays for the following relief against Plaintiff:

A. That Plaintiff's Complaint be dismissed with prejudice;

B. Assuming that Plaintiff held a valid copyright to all four Atlases at the time of copying, Defendant asks for judgment to be limited to the minimum statutory damages of $750 per each of the four works that were copied.

C. For such other and further relief as the Court deems just and equitable.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

ANSWER                                        Rich v. Furniture Enterprises of Alaska
Page 8                                                        A-04-241 CI (JWS)

DATED this 7th day of February, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP


By:          /s/ Jahna M. Lindemuth
        Jahna M. Lindemuth, ABA #9711068
        DORSEY & WHITNEY LLP
        1031 West Fourth Avenue
        Suite 600
        Anchorage, AK 99501-5907
        (907) 276-4557
        lindemuth.jahna@dorsey.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on
the 7th day of February, 2006, a true and correct
copy of this document was served on:

D. John McKay
Law Offices of D. John McKay
117 E. Cook Avenue
Anchorage, Alaska  99501

by electronic means through the ECF system
as indicated on the Notice of Electronic Filing,
or if not confirmed by ECF, by first class regular mail.


        /s/  Jahna M. Lindemuth
Jahna M. Lindemuth, ABA #9711068
Dorsey & Whitney, LLP

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

ANSWER                                   Rich v. Furniture Enterprises of Alaska
Page 9                                          A-04-241 CI (JWS)